## HURWITZ v. DUZIN.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. BROKERS (§ 64*)—COMPENSATION—FAILURE TO COMPLETE CONTRACT.
    Where a contract for the sale of a business provided that a certain broker brought about the sale, and that the seller thereby agreed to pay the broker a specified commission, the broker's right to such commission was not contingent upon the purchaser paying the balance due under the contract.
    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 67, 97; Dec. Dig. § 64.*]

2. BROKERS (§ 64*)—COMPENSATION—FAILURE TO COMPLETE CONTRACT.
    Where one who entered into a contract to purchase a business refused to complete the purchase, because the seller's guaranty as to the profits of the business was untrue, his refusal did not preclude the broker, who brought about the sale, from recovering his commission.
    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 67, 97; Dec. Dig. § 64.*]

Appeal from Muncipal Court, Borough of Manhattan, Second District.

---

Action by David Hurwitz against Adam Duzin. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Louis J. Finkelstein, of New York City (Adolph Cohen, of New York City, of counsel), for appellant.

Joseph Sapinsky, of New York City (Alvin T. Sapinsky, of New York City, of counsel), for respondent.

SEABURY, J. [1] Plaintiff sues to recover a brokerage commission alleged to have been earned in procuring a proposed purchaser for defendant's newspaper route. The defendant and the proposed purchaser, whom the plaintiff procured, signed a contract which provided that:

"David Hurwitz [plaintiff] is the broker who brought about this sale, and the said Adam Duzin [defendant] does hereby agree to pay the said David Hurwitz the sum of $62.50 as commissions, in lawful money of the United States of America."

Upon the trial the defendant claimed that this agreement to pay the plaintiff was contingent upon Shoerman, the proposed purchaser, paying the balance stated to be due under the contract. This claim is contrary to the unconditional promise of the defendant to pay the plaintiff, which is expressed in the contract which the defendant signed.

[2] The contract contained a guaranty by the defendant that the newspaper route earned—

"a weekly clear profit of not less than $40 a week, less delivery 75 cents."

It was because the proposed purchaser claimed that this representation was untrue that he refused to purchase the route. The act of the proposed purchaser in refusing to complete the purchase did not, under the circumstances disclosed, preclude the plaintiff from recovering his commission.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.